Green, J.
delivered the opinion of the court.
The plaintiff in error was convicted in the Knox circuit court upon an indictment founded on the act of 1729, ch. 34, sec. 50, for obtaining goods by false pretences. The indictment alleges that the defendant presented to Luttrell and Gains a false and counterfeit letter, purporting to be written by Robert H. Luttrell, which is in the following words:
"Messrs.. Gains and Luttrell, at Knoxville, please to let the hearer, E. Tyler, have five dollars in goods on my account. September 28, 1839. Yours, Robert H. Luttrell.”
By means of said letter the said Tyler obtained from the said Luttrell and Gains, two silk handkerchiefs worth two dollars, six yards of calico of the value of one dollar, and other goods to the value of two dollars, which goods were delivered upon the faith and credit of said letter to the said Tyler, “whereas in truth and in fact the said Robert H. Luttrell, never did write or send, or cause *38 to be written or sent any such letter to said Luttrell and Gains of &ny one else, to let the bearer have any amount in the stoffe whatever.”
There are three counts in the indictment containing suhstá'iitiálly the same statement, except that in the first count the goods are charged as being the property of Mathew M. Gains; in the second Count as the property of Mathew M. Gains and James G. Luttrell,' and in the third count as the property of Mathew M. Gains, James C. Luttrell and Robert H. Luttrell.
A motion was made in arrest of judgment but the motion was overruled and judgment rendered upon the verdict; It is now insisted for the plaintiff in error that the court erred: first, because it is insisted the indictment does not sufficiently negative the truth of the pretences employed by the defendant. If is certainly dn iüdispeiísable requisite of ah indictment of this character, that there must be dn absolute negative of the truth of the pretences employed. 3 Chit. Crim. Law, 189. But tve think such a negative is contained in this indictment. The only pretence charged in the indictment to have been employed* was the letter which purported to have been written by Robert H. Luttrell. Having set out the letter the indictment avers “that the said Robert H. Luttrell never did write or send, or cause to be Avritten or sent any such letter to the said Gains and Luttrell or to any one else to let the bearer have any amount in the store whatever;” although the idea intended to be conveyed is-no't very happily expressed in this averment, yet it contained a distinct negative that the letter which had been set out, was written and sent by Robert IL Luttrell. If Robert H.- Luttrell never wrote or sent, or caused to be written or sent any such letter as the one copied in the indictment, hoAv could it be true that he wrote and sent the identical letter by virtue of which the goods were obtained? It could not be; for having done the act spoken of, it could not be said that he had not done such an act.
2. It is next insisted that as this is a forged order for goods, in which the party who purports to be the drawer of the order had no interest, this indictment cannot be sustained upon the statute; and the authority of the case of Walton vs. the State, 6 Yerg. 377, is relied on. In that case the indictment was for forgery founded on the 40th section of the statute. Had Walton succeeded in obtaining the watch, it vvas admitted by his counsel (page 383) that *39 ha would have been guilty of the offence punishable by section 50. The two sections are entirely different, and provided for different cases. Section 40, defines forgery and prescribes its punishtaent. This offence is complete, whether any third person be actually injured thereby or not; but in. the case before us, there would be no crime unless some one receive a prejudice from the, act. 2. Russell on Crimes, 350. In Walton’s case,, the indictment was for forging the paper.. The watch was not obtained; no person was injured. Here the 'indictment is for fraudulently, by means, of the forged order, obtaining the goods of Gains and Luttréll. The counterfeit letter was only a means by which hp was enabled to commit the crime. Any other false- token would- have made the act of fraudulently getting the goods equally criminal. Let the judgment be affirmed.